# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **JERRY LEE REASON, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:25-cv-01018** |
| | ) | |
| **RAYMOND HORTON, ET AL.,** | ) | **JUDGE CAMPBELL** |
| | ) | **MAGISTRATE JUDGE NEWBERN** |
| **Defendants.** | ) | |

## <u>MEMORANDUM</u>

Pending before the Court is Defendants' Motion to Dismiss. (Doc. No. 16). Plaintiff filed a response in opposition (Doc. No. 29), and Defendants filed a reply (Doc. No. 30-1).

For the reasons discussed below, Defendants' motion (Doc. No. 16) is **GRANTED** in part and **DENIED** in part.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that on September 12, 2024, Defendants arrived at his property for the purpose of executing an arrest warrant on "Jerry Reason." (Doc. No. 1 ¶ 16). Plaintiff alleges that the name on the arrest warrant was "Jerry Reason" and that the name referred to "Jerry Alexander Reason" whose date of birth is "April 22, 1996," and is Plaintiff's nephew. (*Id.* ¶¶ 17-18).  Plaintiff alleges that the arrest warrant clearly indicated that Jerry Alexander Reason is six feet tall, has hazel eyes, and weighs 180 pounds and that Defendants had the warrant in their possession. (*Id.* ¶ 19). Plaintiff also contends that Defendants had personal knowledge of Plaintiff's identity through previous interactions and Defendants failed to properly review the arrest warrant and the identifying information regarding the subject of the warrant. (*Id.* ¶¶ 20, 29). Plaintiff was physically detained and placed into handcuffs upon identifying himself as Jerry Lee Reason prior to a deputy retrieving the warrant from the patrol vehicle and providing it to Defendant Harrison.

(*Id.* ¶ 43). Defendant Harrison continued to detain and seize Plaintiff and placed him into a patrol vehicle. (*Id.* ¶ 46).

Plaintiff alleges that he informed Defendants that he was born in 1972 before being taken into physical custody, that Plaintiff instructed Defendants to leave his property, that Plaintiff verbally challenged Defendants, that Plaintiff identified his nephew as having the same first and last name and being at a half-way house in Winchester, Tennessee, that Plaintiff asked Defendants "you know I ain't the one right?" and that Defendant Horton responded what sounds audibly like "yeah" as an affirmative response to Plaintiff's question, and that Plaintiff repeatedly informed Defendants that "Jerry Alexander Lee" was not present on his property. (Doc. No. 1 ¶¶ 25, 27, 31, 51, 66, 80). Plaintiff also alleges that he informed Defendant while being placed into the patrol car that he was "born in 1972…look at me" and that Defendant Harrison reviewed the warrant and had sufficient information to reasonably conclude that Plaintiff was not the subject of the warrant. (Doc. No. 1 ¶¶ 44-45). Plaintiff also alleges that Defendants had sufficient information to release Plaintiff from detention as there was no longer a lawful basis for detention. (*Id.* ¶ 53). Plaintiff also alleges that after he was detained in the patrol car while handcuffed, Defendant Harrison stated that Plaintiff "was born in '72'" while holding Plaintiff's identification and wallet and that Plaintiff would still be "getting detained" "especially after he acted like that" and that "Defendants retaliated against Plaintiff for challenging their authority as permitted being a constitutionally protected activity." (*Id.* ¶¶ 69, 75, 76).

Plaintiff alleges that Defendants retaliated against him for challenging their authority, that Defendants searched Plaintiff's residence without consent, and that Plaintiff was detained for approximately 20 minutes exceeding the lawful period to perform a sweep of the residence to

2

locate Jerry Alexander Reason. (*Id.* ¶¶ 76, 81, 92). Plaintiff alleges that he was subjected to an unlawful detention and/or seizure by Defendants. (*Id.* ¶ 97).

Plaintiff brings claims against Defendants for First Amendment retaliation, unlawful seizure, detention, and excessive force in violation of the Fourth Amendment, violation of due process under the Fourteenth Amendment, battery, assault, and false imprisonment.

Defendants filed the pending motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. In his response, Plaintiff agreed to dismissal of his excessive force claim in Count 2, as well as his claims for battery, assault, false imprisonment, and violation of due process in Counts 3 - 6. Accordingly, only Plaintiff's claims for First Amendment retaliation (Count 1) and unlawful detention and seizure (Count 2) remain. The Court need not address Plaintiff's other claims, which will be dismissed based on Plaintiff's agreement.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the

3

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

### III.   ANALYSIS

**A.  First Amendment Retaliation (Count 1)**

Defendants move for dismissal of Plaintiff's First Amendment retaliation claim on the grounds that the Fourth Amendment is the exclusive mechanism under which Plaintiff can pursue his constitutional claim. Defendants also argue that the Complaint fails to state a First Amendment claim because the Defendants detained Plaintiff because he stated that he was "Jerry Reason," which is the same name included in the arrest warrant. Defendants also contend that a plaintiff does not have a viable First Amendment retaliation claim where police officers had reasonable suspicion or probable cause to detain or arrest the plaintiff.

To state a viable claim under Section 1983, a plaintiff must allege "that a defendant acted under color of state law" and "that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012). "In a First Amendment retaliation claim, 'retaliation for the exercise of constitutional rights is itself a violation of the Constitution.'" *Hill v. Lappin*, 630 F.3d 468, 473 (6th Cir. 2010) (internal citation omitted). In order to establish a First Amendment retaliation claim, a plaintiff must show that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (internal citation omitted).

While Defendants correctly point out that Plaintiff's response seems to disavow the First Amendment retaliation claim, the question before the Court is whether Plaintiff stated such a

claim, and the Complaint contains allegations that, accepted as true, are sufficient to state a claim. (Doc. No. 1 ¶¶ 25, 27, 31, 44, 45, 51, 53, 66, 69, 75, 76, 80).

Accordingly, accepting the allegations in the Complaint as true, as the Court must at this stage, Plaintiff has sufficiently pled his First Amendment retaliation claim.

**B. Unlawful Seizure and Detention (Count 2)**

Defendants also move for dismissal of Plaintiff's unlawful seizure and detention claim on the grounds that Defendants had the right to detain Plaintiff and search the premises while carrying out their duties pertaining to the arrest warrant, regardless of Plaintiff's identity or whether he was the individual subject of the arrest warrant. Defendants contend that considering the short duration of Plaintiff's detention, Plaintiff cannot demonstrate that the detention exceeded a lawful length of time. Defendants also state that they had the right to handcuff Plaintiff during his detention and that they had a right to search the premises. Defendants argue that Plaintiff's detention was objectively reasonable under the circumstances because the physical characteristics on the arrest warrant accurately described Plaintiff and the last known address on the warrant was the same address as Plaintiff's real property.

"The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated.'" *Weatherholt v. Crockett Cnty. Sch. Bd.*, 797 F. Supp. 3d 836, 844 (W.D. Tenn. 2025) (citation modified). "For a claim of unlawful seizure, 'courts first ask whether a seizure occurred and, if so, whether this seizure was reasonable." *Id.* (citation modified). "A seizure occurs where, 'in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'" *Id.* (internal citations omitted).

Here, taking the allegations in the Complaint as true, Plaintiff has alleged sufficient facts to support this claim.

## C. Qualified Immunity

Defendants also argue that they are entitled to qualified immunity which they contend "shields [Defendants] from any federal or state claim arising from (and attempting to critique) their law enforcement-related discretionary decisions, to include (without limitation) their decisions concerning whether and how long to detain Plaintiff." (Doc. No. 22 at 29).

"The qualified immunity doctrine shields government officials performing discretionary functions from civil liability unless their conduct violates clearly established rights." *Quigley v. Thai*, 707 F.3d 675, 680 (6th Cir. 2013). To survive a motion to dismiss on qualified immunity grounds, the complaint "must allege facts that 'plausibly mak[e] out a claim that the defendant's conduct violated a constitutional right that was clearly established law at the time, such that a reasonable officer would have known that his conduct violated that right." *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 907 (6th Cir. 2019) (alteration in original) (internal citation omitted). "It is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity." *Courtright v. City of Battle Creek,* 839 F.3d 513, 518 (6th Cir. 2016). "Although an officer's entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12." *Id.* (internal citation omitted).

Here, Defendants have not shown they are entitled to qualified immunity based on the pleadings, and the Court finds that this argument is premature and best addressed at the summary judgment stage. *See Marvaso v. Sanchez*, 971 F.3d 599, 605-06 (6th Cir. 2020) ("[T]his Court generally denies qualified immunity at the motion to dismiss stage in order for the case to proceed

to discovery, so long as the plaintiff states a plausible claim for relief"; *see also Wesley v. Campbell,* 779 F.3d 421, 433-34 (6th Cir. 2015) ("[I]t is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity"); *Grose v. Caruso*, 284 F. App'x 279, 283 (6th Cir. 2008) ("Where, as here, the standard for a 12(b)(6) motion is whether allegations, if taken as true, could state a claim upon which relief may be granted, dismissal of Appellants on the basis of qualified immunity is premature.").

Taking the allegations in the Complaint as true, Plaintiff has alleged sufficient facts to support his claim.

## IV. CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss (Doc. No. 16) is **GRANTED** in part and **DENIED** in part. Defendants' motion is **GRANTED** as to Plaintiff's excessive force claim in Count 2, as well as Plaintiff's claims in Counts 3-6. Defendants' motion is **DENIED** as to Plaintiff's First Amendment retaliation claim in Count 1 and Plaintiff's unlawful seizure and detention claim in Count 2.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE